

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2006

# Leslie v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2176

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Leslie v. Atty Gen USA" (2006). *2006 Decisions.* Paper 113.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/113

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2176
_____

KEVIN AUGUSTUS LESLIE,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
Agency No. A39-745-397
Immigration Judge: Honorable Henry S. Dogin
_____

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2006

Before:  RENDELL, COWEN and VAN ANTWERPEN, Circuit Judges

(Filed December 8, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Petitioner Kevin Leslie, a native and citizen of Jamaica, was admitted to the

United States as a lawful permanent resident on or about September 28, 1985.  His father,

Robert C. Leslie, with whom he lived in New Jersey, naturalized on September 27, 1989

when Leslie was 12 years old.  In September 1999, Leslie pleaded guilty in the New

Jersey Superior Court to endangering the welfare of a child in violation of N.J. Stat. Ann. § 2C:24-4a. In June 2004, he pleaded guilty to aggravated assault with a deadly weapon in violation of N.J. Stat. Ann. § 2C:12-1b(2). As a result of these convictions, Leslie is removable under Immigration & Nationality Act ("INA") § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien who has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, and § 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i), as an alien who has been convicted of a crime of domestic violence, child abuse or child neglect.

Leslie moved to terminate the proceedings on the ground that he acquired citizenship through his father when his father naturalized. The Immigration Judge denied relief, reasoning that, because Leslie's mother was alive and had not naturalized (she lives in Jamaica), then, under former INA § 321(a), which applied to his case, he could only claim derivative citizenship if his father had legal custody of him and his parents were legally separated. The IJ assumed that Leslie's father had actual physical custody of him and thus legal custody, see Bagot v. Ashcroft, 398 F.3d 252, 254 (3d Cir. 2005), but he found no evidence that Leslie's parents had ever been married, and there also was no evidence of a divorce decree or legal separation. See, e.g., Brissett v. Ashcroft, 363 F.3d 130, 133-34 (2d Cir. 2004) ("legal separation under INA § 321(a) requires formal act which, under laws of state or nation having jurisdiction over parents' marriage, alters marital relationship either by terminating marriage, or by mandating or recognizing separate existence of marital parties).

2

Leslie also applied for cancellation of removal under INA § 240A(a), 8 U.S.C. § 1229b(a). The Immigration Judge heard from Leslie and his father, and reviewed letters in support of his application for relief. The IJ agreed that Leslie was statutorily eligible for cancellation of removal. Furthermore, applying the guidelines set forth in In re: Marin, 16 I. & N. Dec. 581 (BIA 1978), and In re: Roberts, 20 I. & N. Dec. 294 (BIA 1991), he had many equities weighing in his favor, including family ties, a work history, and long residence in the United States. However, the IJ declined to exercise his discretion in Leslie's favor, because he also had a significant history of criminal offenses, some serious, and he did not seem to accept responsibility for his actions. Moreover, some of the charges were fairly recent. The IJ ordered that Leslie be removed to Jamaica.

Leslie appealed to the Board of Immigration Appeals, contending that Jamaica recognizes common law marriages, and his parents were considered married at the time of his birth. At the time of his father's naturalization, they were "legally separated," because they clearly had no binding relationship at that time. Leslie also contended that the IJ erred in weighing the factors relevant to cancellation of removal. On March 21, 2006, the BIA affirmed without opinion, 8 C.F.R. § 1003.1(e)(4).

Leslie petitioned for review.[1] He contends in his brief that his testimony and written declarations establish his parents as legally married under Jamaican common law,

---

[1] The Attorney General moved to dismiss for lack of subject matter jurisdiction. A motions panel of this Court referred the motion to a merits panel in view of the citizenship claim, Morgan v. U.S. Attorney General, 432 F.3d 226, 229 (3d Cir. 2005) (citing 8 U.S.C. § 1252(a)(2)(D), (b)(5)), and denied Leslie a stay of removal.

and evidence showing his mother's complete relinquishment of custodial rights constitutes a genuine issue of material fact concerning whether his parents were "legally separated," such that a new hearing on his nationality claim in the district court is warranted under 28 U.S.C. § 1252(b)(5). The Attorney General does not contest that Leslie resided in the United States with his father, but does contend that he failed to show that his parents were legally married; therefore, they cannot be legally separated. In the absence of marriage, no legal separation can be established. In re: H-, 3 I. & N. Dec. 742 (BIA 1949).

We will deny in part and dismiss in part the petition for review. As a threshold matter, Leslie does not challenge the qualifying convictions. Ordinarily, we would lack subject matter jurisdiction over this petition for review, 8 U.S.C. §§ 1252(a)(2)(C), (a)(2)(B)(i). Leslie raises no constitutional or legal issues with respect to the qualifying convictions that subject him to removal or the decision denying him cancellation of removal that would give us jurisdiction under the Real ID Act, 8 U.S.C. § 1252(a)(2)(D). We do, however, have jurisdiction to review the citizenship claim, 8 U.S.C. § 1252(a)(2)(D), (b)(5)(A), unless we determine that there is a genuine issue of material fact, in which case the district court would do the fact-finding and decision-making, 8 U.S.C. § 1252(b)(5)(B). See Morgan, 432 F.3d at 229. If Leslie is a United States citizen by derivation, he is not subject to removal.

Former INA § 321(a), 8 U.S.C. § 1432(a), generally provided for derivative citizenship of alien children upon their alien parents' naturalization if certain statutory

4

conditions were met.  Morgan, 432 F.3d at 229-30.  This statute was in effect when Leslie

was born, when he entered the United States, and when his father naturalized, and it thus

controls his claim for derivative citizenship.  Id. at 230.[2]

Section 321(a) provided in relevant part that:

> A child born outside of the United States of alien parents ... becomes a citizen of the United States upon fulfillment of the following conditions:
>
> (1) The naturalization of both parents; or
>
> (2) The naturalization of the surviving parent if one of the parents is deceased; or
>
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if
>
> (4) such naturalization takes place while such child is under the age of eighteen years; and
>
> (5) such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1432(a) (repealed).

Subparagraphs (a)(1) and (a)(2) are not relevant to Leslie's case, as his mother is

_____

[2] Section 321(a) was repealed by the Child Citizenship Act of 2000 ("CCA"), Pub. L. No. 106-395, 8 U.S.C. § 1431, which took effect on February 27, 2001.  The CCA liberalized the conditions for derivative citizenship of alien children of naturalized parents, but it is not retroactive, and does not apply to individuals like Leslie who turned 18 before it went into effect.  Morgan, 432 F.3d at 230 n.1.

alive and never naturalized, and the conditions of subparagraphs (a)(4) and (a)(5) indisputably are met. The conditions of subparagraph (a)(3) are either irrelevant or met, save one. Subparagraph (a)(3) provides for citizenship in the event of the "naturalization of the parent having legal custody of the child when there has been a legal separation of the parents" *or* in the event of "the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation." As to the latter circumstance, Leslie was born out of wedlock on July 14, 1977 to Sylvia Graham, but, again, his mother did not naturalize, and his paternity appears to have been established by legitimation, see 8 U.S.C. § 1409(a), when, on November 10, 1983, Robert Leslie added his name to Leslie's birth certificate. This part of subparagraph (a)(3) thus is not relevant.

No dispute exists concerning the "legal custody" requirement, so the sole contested issue is whether there has been a "legal separation" of Leslie's parents. As an initial matter, whether Leslie's parents had a marriage recognized by common law is contested. If Leslie's parents were not legally married, they cannot be legally separated. The IJ correctly noted the absence of evidence, other than Leslie's uncorroborated assertions, that the couple ever married. Leslie's father, for example, could have provided testimony on that issue and did not. On the other hand, there was undisputed testimony that the couple had three children together. Even if we assume, arguendo, that the couple had a legal marriage recognized at common law, Leslie has not shown a "legal separation" for purposes of the derivative citizenship statute. We conclude that this issue is purely legal

6

and does not require a hearing under 8 U.S.C. § 1252(b)(5)(B).

Morgan, 432 F.3d 226, addressed a similar citizenship claim under INA § 321(a)(3) by a native and citizen of Jamaica, and held that "a legal separation for purposes of INA § 321(a)(3) occurs only upon a formal governmental action, such as a decree issued by a court of competent jurisdiction that, under the laws of a state or nation having jurisdiction over the marriage, alters the marital relationship of the parties." Id. at 234. The petitioner's parents were married in 1974, and her mother had naturalized in 1984. During that time period, Jamaican law provided for a decree of judicial separation, id. at 233 (citing Divorce Act §§ 9-13 (1973)), which the petitioner's parents had never obtained. Pennsylvania, where the petitioner's mother resided and where jurisdiction over the marriage also would lie, did not similarly provide for a decree of judicial separation in 1984, but we rejected the argument that, because her parents had lived apart for more than two years, they were legally separated under Pennsylvania law. We reasoned that "there was no evidence that either party ever communicated to the other party an intention to dissolve the marital union." In addition, "separation in Pennsylvania is recognized only by a divorce secured through a judicial order." Id. at 234.

Two things distinguish Leslie's case from Morgan. The Jamaican Matrimonial Causes Act § 35(1), went into effect on February 1, 1989, prior to Leslie's father's naturalization in September 1989, and it abolished the decree of judicial separation. Thus, Leslie's parents cannot be faulted for failing to obtain one. Also, the law of New Jersey, which also had jurisdiction over the marriage, would apply here and not the law of

7

Pennsylvania. Nevertheless, the result would be the same, because there is evidence here only of an informal separation. The "requirement of a formal action of a competent governmental authority" which provides the certainty "that is important to administration of the immigration laws," 432 F.3d at 234, has not been satisfied here, and the record is devoid of any evidence that Leslie's parents ever sought a decree of divorce, id. at 234 n.3.

If an informal separation sufficed, the statute's express specification that the separation be "legal" would be rendered superfluous. Id. at 234 (citing Brissett, 363 F.3d at 134). Perhaps in recognition of this requirement, Leslie has argued that his mother's complete relinquishment of custodial rights constitutes a genuine issue of material fact with respect to whether his parents were legally separated. We do not agree. In the context of immigration, where one parent has emigrated to the United States, where economic opportunities are superior, relinquishment of physical custody of a child by the parent who remains behind, without more, has no special bearing on whether either party ever communicated to the other an intention to dissolve the marital union. Cf. Brissett, 363 F.3d at 136 (rejecting argument that New York state orders of support and protection constituted an acknowledgment by the state that a marriage was broken, because orders did not mandate separation nor acknowledge separate existences).

We will deny in part and dismiss in part the petition for review.

8